# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No 1:12-cr-0072-TWP-DML |
| vs. | ) | |
| | ) | |
| BRUCE JONES, | ) | |
| | ) | |
| Defendants. | ) | |

## ENTRY DENYING DEFENDANT'S MOTION FOR CONTINUANCE

This matter is before the Court on Defendant Bruce Jones' ("Dr. Jones") Motion to Continue Trial Date (Dkt. 120) and the Government's opposition thereto (Dkt. 121). The Court has previously identified and considered the factors it must weigh in considering a request for a continuance based upon Dr. Jones' change of counsel (Dkt. 98), and a continuance for those reasons has been denied. In his seventh motion for continuance, Dr. Jones requests additional time to secure certain witnesses and asserts that his ability to assist in his defense is compromised as he is in a state of depression due to the recent death of his brother. For the reasons stated below, the motion is **DENIED**.

## I.       BACKGROUND

Dr. Jones reports that the following crucial witnesses are unavailable to testify at his jury trial scheduled for July 8, 2013: his brother, Dr. David E. Jones ("David Jones") who passed away on June 22, 2013; his ex-wife, Larissa Jones ("Ms. Jones") who has fallen ill while traveling in her native country of Moldova to care for her sick mother; and David Sokol, the target of a Grand Jury investigation who is expected to exercise his fifth amendment privilege, if called to testify. Additionally, Dr. Jones has a diagnosis of recurrent depression and has been treated by Dr. William Abell since 1991. According to forensic Psychiatrist Dr. George Parker,

Dr. Jones is currently suffering from "uncomplicated bereavement" following the death of his brother. Dr. Jones alleges that his ability to assist in his defense is presently compromised, therefore he needs a continuance. The Government objects to a continuance of the trial and argues that it would be prejudiced because it has begun its trial preparations in earnest, has subpoenaed civilian witnesses, secured and paid for airplane tickets for several out of state witnesses, created trial exhibits and expended considerable taxpayer dollars to prepare for the July 8, 2013 trial date.

## II. DISCUSSION

The court may refuse a request for a continuance where the granting of such relief would delay the trial indefinitely, or where it appears that the real purpose of the continuance is merely to secure delay. However, a continuance is ordinarily improperly refused where its granting is essential to enable the accused to procure all legal and competent evidence necessary for a fair presentation of his or her defense.

In the federal courts, the determination of whether the denial of a continuance based on the unavailability of witnesses amounts to an abuse of discretion requires the consideration of four factors: (1) whether due diligence has been exercised to obtain the attendance of the witnesses; (2) whether substantial favorable evidence would be tendered by the witnesses; (3) whether the witness is available and willing to testify; and (4) whether the denial of the continuance would materially prejudice the defendant. *United States ex rel. Searcy v. Greer,* 768 F.2d 906, 913 (7th Cir.), *cert. denied,* 474 U.S. 996, 106 S. Ct. 412, 88 L.Ed.2d 363 (1985).

The Court finds these factors do not weigh in favor of Dr. Jones. Although David Jones may have been a critical witness, unfortunately, he is deceased and a continuance will not cure the unavailability of this witness. Likewise, a continuance will not cure the unavailability of David Sokol. Defense counsel concedes that Mr. Sokol cannot be compelled to testify as a

witness and Mr. Sokol has informed counsel that he intends to exercise his privilege against self-incrimination.

With respect to Larissa Jones, there has been no due diligence to obtain her attendance. Ms. Jones met with defense counsel in May 2013, prior to leaving the country and she was advised of the trial date, but she was not served a subpoena. Additionally, Dr. Jones has presented no evidence to the court, in-camera or otherwise, to show that Ms. Jones testimony would provide substantial favorable evidence. Ms. Jones anticipated testimony would be that she is the owner of the firearms charged in this case and she did not observe defendant in possession of firearms. However, Ms. Jones did not live with Dr. Jones for several months prior to his arrest and ownership is not an element of the offense Felon in Possession of Firearm or Ammunition. 18 U.S.C. § 922(g)(1). Additionally, Dr. Jones has not shown that the witness is willing to testify or that she would ever be available to testify. Defense counsel represents that he has not been able to contact Ms. Jones since he left the country, as she is residing in a remote village in Moldova, with no telephone access and he has no idea of when she intends to return to the United States. The fact that Ms. Jones was aware of the trial date before she left the United States and she has not contacted defense counsel since she left the country raises additional doubt as to whether she would ever be available or willing to provide substantial favorable evidence. Finally, Defendant has not expressly stated or shown how he will be materially prejudiced if Ms. Jones does not testify.

Counsel also stated that he is "still chasing down leads." A continuance requested for the purpose of searching for additional evidence should be denied unless it is shown there is a reasonable probability that such evidence can be obtained. A mere hope of finding evidence, without any substantial, tangible basis for the hope, is an insufficient ground to grant a continuance. Therefore a continuance on the basis of the unavailability of witnesses is denied.

Next, Defendant asserts that although he has been found competent to stand trial, he is depressed over the death of his brother such that it could hamper his ability to participate in his defense. The fact that a person suffers from a mental illness does not mean that he's incompetent to stand trial. He need only be able to follow the proceedings and provide the information that his lawyer needs in order to conduct an adequate defense, and to participate in certain critical decisions, such as whether to appeal. *Drope v. Missouri*, 420 U.S. 162, 171–72, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975); *Dusky v. United States,* 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960) (per curiam); *Woods v. McBride,* 430 F.3d 813, 817 (7th Cir. 2005).

To begin, the Court notes that the impediments which Dr. Jones complains of are not so unusual. It is not unusual for a Defendant to be depressed and anxious when going to trial on criminal charges. The Court is sympathetic for the Defendant's loss and depression brought on by grief, however, what the court must determine is whether Defendant is suffering from a mental illness or defect which prevents him from assisting properly in his defense. In this case, the Court cannot make that determination.

Dr. Jones appeared in person at the hearing and the Court was able to observe his demeanor. He was responsive to questions and exhibited no signs of delusional thinking or disorder; he talked with his attorneys, looked at the witnesses as they testified and took notes during the proceeding. The Court observed nothing to indicate impairment of his capacity to make necessary decisions. Additionally, his treating psychiatrist Dr. William Abell, testified that Dr. Jones has responded well to medications prescribed to treat his depression and grief and the medication will not prohibit Dr. Jones from fully participating in his defense. Dr. Abell further testified the medication may have the effect of inhibiting Dr. Jones's ability to multitask, cause cognitive shortness and slowing of response time, but would only be problematic if taken in excess.

Likewise, it is the opinion of Dr. George Parker that during his July 3, 2013 examination, Dr. Jones demonstrated an organized thought process, answered questions appropriately, showed mild cognitive deficits consistent with bereavement, and when given sufficient time to consider his answers, he responded appropriately to questions. Dr. Jones was estimated to have an adequate ability to work effectively with his attorney, to disclose pertinent facts to his attorney, to testify relevantly and to comprehend legal advice or instruction, so long as he has adequate time to gather himself and focus his thoughts. It is Dr. Parker's opinion, with reasonable medical certainty that Dr. Jones is currently capable of assisting counsel in his defense. The Court can easily accommodate the recommendations of both psychiatrists to allow Dr. Jones adequate time during the trial, so as to assist in his defense and communicate with his counsel. Therefore, the motion for continuance due to Dr. Jones depression is denied.

## II.     CONCLUSION

There is little if any likelihood that Defendant would be prejudiced by denial of this continuance. For the reasons stated herein, the July 8 2013 trial date is firm and Defendant's seventh Motion for Continuance **DENIED.**


IT IS SO ORDERED.

Date: _07/05/2013_____

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution to:

John D. Manley
PUMPHREY & MANLEY
john@pumphreymanley.com

Charles David Pumphrey
PUMPHREY MANLEY
david@pumphreymanley.com

Bradley Paul Shepard
UNITED STATES ATTORNEY'S OFFICE
brad.shepard@usdoj.gov

Nicholas E. Surmacz
UNITED STATES ATTORNEY'S OFFICE
nicholas.surmacz@usdoj.gov