# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | No. 1:12-cr-00072-TWP-DML |
| BRUCE JONES, | ) | |
| | ) | |
| Defendant. | ) | |

## ENTRY ON COMPETENCY TO STAND TRIAL

This matter is before the Court on the Court's *sua sponte* order for hearing regarding the competency of the Defendant, Dr. Bruce Jones ("Dr. Jones") (Dkt. 122) and the Government's motion for a hearing pursuant to 18 U.S.C. § 4241(a) (Dkt. 123). For the reasons stated herein, the Court finds by a preponderance of the evidence that Dr. Jones is mentally competent to the extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense.

## I. LEGAL STANDARD

The Seventh Circuit has concluded that the defendant has the burden of proof at a mental competency hearing. U. S. v Whittington, 586 F .3d 613 (7th Cir. 2009). According to 18 U.S.C. § 4241(d):

> If, after a hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General. The Attorney General shall hospitalize the defendant for treatment in a suitable facility--
>
> **(1)** for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward; and

**(2)** for an additional reasonable period of time until--

**(A)** his mental condition is so improved that trial may proceed, if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward; or

**(B)** the pending charges against him are disposed of according to law; whichever is earlier.

## II. DISCUSSION

On July 2, 2013, Dr. Jones submitted a letter from his psychiatrist, Dr. William Abell ("Dr. Abell"), wherein Dr. Abell opined that Dr. Jones is currently in a state of depression due to grief resulting from the June 22, 2013 death of his brother, Dr. David G. Jones. Dkt. 124-1. On Wednesday, July 3, 2013, the Court ordered Dr. Jones to undergo a psychological examination pursuant to 18 U.S.C. § 4241(b). Dkt. 127. Forensic psychiatrist Dr. George Parker at the Indiana University Health Neuroscience Center examined Dr. Jones on Wednesday, July 3, 2013 to determine Dr. Jones's competency and provide a diagnosis and prognosis of his current medical condition. Based upon his examination Dr. Parker submitted a report to the Court in accordance with 18 U.S.C. § 4247(b) and relevant part (c). The Court held a hearing on the motion on Friday, July 5, 2013. Present at the hearing were Defendant Dr. Jones and his counsel Charles David Pumphrey and John Manley, counsel for the Government Bradley Shepard, and court reporter David Moxley. Based upon the evidence and the testimony at the hearing, the Court makes the following findings:

In the psychological examination report, Dr. Parker found that Dr. Jones is currently suffering from depression as a result of "uncomplicated bereavement." Dr. Parker reported that Dr. Jones demonstrated an adequate appreciation of the charges against him and the possible penalties if found guilty of the charges. Dr. Jones was also aware of the meaning and consequences of possible pleas, and understood the roles of typical court participants. Based on

the course of the clinical interview, Dr. Parker found that Dr. Jones demonstrated organized thought process, answered questions appropriately, showed mild cognitive deficits consistent with bereavement, and is estimated to have an adequate ability to work effectively with his attorney, to disclose pertinent facts to his attorney, to testify relevantly and to comprehend legal advice or instruction. Dr. Parker also reported that Dr. Jones is estimated to have an adequate ability to tolerate the stress of a trial, so long as he has adequate time to gather himself and focus his thoughts. Dr. Parker opined that, with reasonable medical certainty, Dr. Jones is currently capable of understanding the legal proceedings against him and is currently capable of assisting counsel in his defense.

At the hearing, Dr. Abell testified as to Dr. Jones's mental health history and his current mental condition. Dr. Abell has been in practice for 47 years, has treated Dr. Jones since 1991, and has diagnosed him with major depressive disorder. On July 2, 2013, Dr. Abell saw Dr. Jones at a scheduled appointment, at which he said Dr. Jones experienced a panic attack resulting from grief from the passing of his brother. Dr. Abell has prescribed Dr. Jones Lexapro to treat his depression over the past several months, and has prescribed Ativan to be used on an as needed basis to treat anxiety and panic attacks. Dr. Abell stated that Dr. Jones has responded well to both medications, and that Lexapro would not prohibit Dr. Jones from fully participating in his defense. Dr. Abell further stated that Ativan may have the effect of inhibiting Dr. Jones's ability to multitask, cause cognitive shortness and slowing of response time, but would only be problematic if taken in excess. Dr. Abell testified that, to a degree of medical certainty, Dr. Jones is competent to participate in the trial and assist in his own defense, but that Dr. Abell is concerned about Dr. Jones's practical ability to fully participate in the trial.

The Court was able to observe Dr. Jones's behavior and demeanor during the hearing. Dr. Jones was appropriately dressed, attentive, and was able to take notes and consult with his attorney during the proceedings, despite Dr. Abell's assertion that Dr. Jones is presently taking Ativan. The Court also notes that Dr. Jones was able to confer with his attorneys on July 28, 2013, six days after his brother passed away, and provided defense counsel with objections that he wished to make to the Government's proposed final jury instructions. Dkt. 115. Therefore, it does appear that Dr. Jones is able to adequately assist his counsel in his defense, and has been doing so for at least the past week.

### III. CONCLUSION

Based upon the foregoing evidence and testimony, in accordance with 18 U.S.C. § 4241(d), the Court finds that Dr. Jones is mentally competent for trial on July 8, 2013. Dr. Jones is not presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him, or to assist properly in his defense.

SO ORDERED.

Date: 07/05/2013

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

John D. Manley
PUMPHREY & MANLEY
john@pumphreymanley.com

Charles David Pumphrey
PUMPHREY MANLEY
david@pumphreymanley.com

Bradley Paul Shepard
UNITED STATES ATTORNEY'S OFFICE
brad.shepard@usdoj.gov

Nicholas E. Surmacz
UNITED STATES ATTORNEY'S OFFICE
nicholas.surmacz@usdoj.gov